KING, P.J.,
for the court.
¶ 1. On June 20, 2001, Quenetha (Johnson) Wright was granted a divorce from Robert Wright on the grounds of habitual cruel and inhuman treatment in the Panola County Chancery Court. Mr. Johnson appeals on the single ground that there was insufficient proof to grant the divorce. We *587 find that the proof was sufficient. Accordingly, we affirm.
STATEMENT OF THE CASE
¶ 2. Mr. Johnson and Mrs. Johnson were married on July 6, 1996, and one child, Amber, was born on March 26,1998. Mrs. Johnson also had a minor son from a previous marriage who resided in the marital household. On January 29, 2001, Mrs. Johnson filed a complaint for divorce, and a trial was held on May 25, 2001. The chancery court granted the divorce, awarded Mrs. Johnson custody of Amber, and granted Mr. Johnson supervised visitation. Additionally, the chancery court ordered Mr. Johnson to pay child support in the amount of $253 per month, or 14% of his adjusted gross income; provide health care insurance for Amber, and pay one-half of medical expenses not covered by insurance; and obtain $50,000 of life insurance coverage.
DISCUSSION
¶ 3. In domestic relations cases, chancery courts are vested with broad discretion, and their decisions will not be disturbed on appellate review unless the chancellor was manifestly wrong, abused his discretion or his decision was based upon an erroneous legal standard. Sandlin v. Sandlin, 699 So.2d 1198, 1203 (Miss.1997); Ferguson v. Ferguson, 639 So.2d 921, 930 (Miss.1994).
¶ 4. In this case, the record shows that Mr. Johnson worked diligently to provide for his family’s needs. Nevertheless, the record also clearly shows that, at times, his anger clouded his judgment. Mrs. Johnson testified that on several occasions, law enforcement personnel was called to the home, and that Mr. Johnson had physically assaulted her on other occasions. Mrs. Johnson’s mother testified to seeing her daughter bruised and her belief that Mr. Johnson had struck her daughter on numerous occasions. A Department of Human Services social worker, Sheila James, testified as to how she had attempted to arrange for Mr. Johnson to obtain visitation with Amber during the parties’ separation prior to trial by having the family adopt a case plan, but Mr. Johnson refused to cooperate. She further testified that in her opinion Mr. Johnson had anger management problems and needed professional assistance with them. She offered her opinion that Mr. Johnson’s visitation should be supervised.
¶ 5. By his own testimony, Mr. Johnson identified a course of conduct, which could be considered cruel and inhuman treatment. He testified about his jealousy and suspicions of Mrs. Johnson’s infidelity, and a fist fight that resulted from his jealousy and which required the involvement of law enforcement personnel.
¶ 6. A divorce upon the grounds of habitual cruel and inhuman treatment may be granted upon “a showing of conduct that ... endangers life, limb, or health, or creates a reasonable apprehension of such danger, rendering the relationship unsafe for the party seeking relief.” Rakestraw v. Rakestraw, 717 So.2d 1284, 1287(¶ 8) (Miss.Ct.App.1998). A chancery court’s finding that this standard or proof is satisfied is subject to an abuse of discretion standard of review. Snoddy v. Snoddy, 791 So.2d 333, 344(¶43) (Miss.Ct.App.2001). In this ease, the evidence was more than sufficient to find that Mrs. Johnson met her burden of proof, and there is no showing that the chancery court abused its discretion in granting the divorce. This assignment of error is without merit.
¶ 7. THE JUDGMENT OF THE PA-NOLA COUNTY CHANCERY COURT IS AFFIRMED. THE APPELLANT IS *588 ASSESSED ALL COSTS OF THIS APPEAL.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANT-LEY, JJ„ CONCUR.